UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOSEPH HUNTER**<br><br>     **Plaintiff,**<br><br> vs.<br><br>**CHECKR, INC.**<br><br>     **Defendant.** | Case No._____<br><br>**COMPLAINT and**<br>**JURY TRIAL DEMAND** |

## INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendant Checkr, Inc. (hereafter "Checkr"), for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*. Under the FCRA, "consumer reports" subject to the statute's protections include not simply those used in establishing the consumer's eligibility for credit, but also those used for "employment purposes." 15 U.S.C. § 1681a(d)(1)(B).

2. Defendant Checkr is a consumer reporting agency which provides background and employment screening services, and decision-making intelligence to prospective employers.

3. The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b). Congress included in the statutory scheme a series of protections that impose strict procedural rules on consumer reporting agencies such as Checkr. This action involves Defendant Checkr's violation of several of those important rules.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff Joseph Hunter is an adult individual residing in Washington, DC.

7. Defendant Checkr is a business entity that regularly conducts business in Washington DC, and which has its headquarters and a principal place of business located at 2505 Mariposa Street, San Francisco, CA 94110.

## FACTUAL ALLEGATIONS

8. In or around February 2017, Plaintiff began working as a driver for Uber, Inc. ("Uber").

9. As a condition of continued employment with Uber, Uber requested a consumer report from Checkr, and Checkr sold to Uber a consumer report concerning Plaintiff in or around October 2017.

10. The report furnished by Checkr was for employment purposes.

11. This consumer report contained information which was a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically with Uber.

12. Defendant Checkr has been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff to third parties ("inaccurate information").

13. The inaccurate information includes, but is not limited to, a criminal offense record. This record appears on the consumer report Checkr sold about Plaintiff to Uber as follows: "BAD CHECK/ PASS/ INSUFFICIENT/$500 AND UP, MISDEMEANOR."

14. The inaccurate information grossly disparages the Plaintiff and portrays him as a criminal, which he is not. There is perhaps no greater error that a consumer reporting agency can make.

15. In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff.

16. In fact, it appears as if Defendant mixed the file of another consumer with that of Plaintiff. Even a rudimentary review of the criminal record would show that it does not belong to Plaintiff. For example, the criminal record has a different middle initial, and specifically states that the actual criminal defendant is deceased.

17. Despite the glaring inconsistencies stated above, Defendant Checkr sold Plaintiff's employer a consumer report that contained the inaccurate information.

18. Plaintiff was subsequently denied continued employment at Uber, was suspended from his ability to continue to drive for Uber, and Plaintiff was informed by Uber that the basis for this denial and suspension was the inclusion of the inaccurate criminal information on Plaintiff's Checkr consumer report, that the inaccurate information was a substantial factor for the denial and suspension.

19. As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, delayed employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

20. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

21. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

## COUNT ONE
## VIOLATIONS OF THE FCRA

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. At all times pertinent hereto, Defendant Checkr is a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

24. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

25. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

26. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

27. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

28. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

    (a)    Actual damages;

    (b)    Statutory damages;

    (c)    Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

(e) Such other and further relief as may be necessary, just and proper.

                                        **FRANCIS & MAILMAN, P.C.**

BY:    */s/ Joseph L. Gentilcore*
        JOSEPH GENTILCORE, ESQUIRE
        Land Title Building, 19th Floor
        100 South Broad Street
        Philadelphia, PA 19110
        (215) 735-8600

Dated : 4.9.18                                *Attorneys for Plaintiff*